UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MAINSTREAM ADVERTISING, INC.,**
a California corporation,

                               Case No. 11-23619-CIV-MARTINEZ/MCALILEY

    Plaintiff,

        v.

**MONIKER ONLINE SERVICES, LLC**,
a Florida limited liability company,
**OVERSEE.NET, INC**., a California corporation,

    Defendants.
_____/

**JOINT DISCOVERY PLAN AND JOINT
SCHEDULING REPORT PURSUANT TO RULES 16(b)
AND 26(f), FED.R.CIV.P. AND RULE 16.1.B., S.D.  FLA. L.R.**

Plaintiff MAINSTREAM ADVERTISING INC. ("Plaintiff") and Defendants MONIKER ONLINE SERVICES, LLC and OVERSEE.NET (collectively "Defendants"), through their undersigned attorneys, having conducted a Scheduling Conference on December 6, 2011 pursuant to Rule 26(f) and 16(b), Fed.R.Civ.P. and Local Rule 16.1.B., S.D. Fla. L.R., in addition to the Court's Ordered entered on October 13, 2011 (D.E. 4), file this, their Joint Discovery Plan and Joint Scheduling Report and proposed Order addressing discovery and other pretrial issues.

    **I.    CASE TRACK PURSUANT TO SD FLA. L.R. 16.1(A)(2)**

Both parties agree that based upon the complexity of this breach of contract and unfair competition dispute, as well as applicable defenses, that this case should be placed upon the Court's standard track.

    **II.    REPORT OF THE PARTIES' CONFERENCE PURSUANT TO FED.R.CIV.P. 26(F)**

    **A) Nature and basis of the parties' claims and defenses:**

Defendants, particularly Moniker Online Services LLC, entered into a domain name registration services agreement with Plaintiff with regard to maintaining certain well known and source identifying domain names. Plaintiff contends that Defendants breached an agreement with Plaintiff regarding renewals of those domain names, took over possession of those domain names through a related entity (which includes but is not limited to the parent entity Oversee.net Inc) which is causing confusion with Plaintiff's former clients and prospective business contacts. This constitutes not only breach of the underlying written agreement, but also unfair competition under the Lanham Act.

The Defendants deny all of the claims asserted by Plaintiff and deny that Plaintiff is entitled to any relief whatsoever. Moreover, Defendants assert that there is no legitimate basis for subject matter jurisdiction in this case because Plaintiff's claim under the Lanham Act fails as a matter of law and there is no other claimed basis for federal jurisdiction.

**B) Possibility for a prompt settlement or resolution of the case:**

Plaintiff has not yet had the opportunity to address the potential for settlement and/or pre-trial resolution with the Defendants in this matter. However, both the Plaintiff and Defendants have agreed to work in good faith to determine if early settlement is a possibility.

**C) Arrangement for the disclosures required by Fed.R.Civ.P. 26(a)(1):**

The parties agree to submit all initial disclosures by December 21, 2011.

**D) Proposed discovery plan indicating the parties' views and proposals concerning:**

    1) *Changes in timing, form or requirements under Rule 26(a), Fed.R.Civ.P*:

        a. Plaintiff: Subject to the information produced in Defendants' Initial Disclosures and other developments,

        Plaintiff reserves the right to request an order modifying the discovery limitations otherwise applicable, as necessary and appropriate.

   b.   <u>Defendants</u>:  Defendant likewise reserves the right to request an order modifying the discovery limitations otherwise applicable, as necessary and appropriate based upon Plaintiff's Initial Disclosures and other developments..

**2)**   *Subjects on which discovery may be needed, when discovery should be completed, and how discovery should be conducted*:

The parties believe that discovery shall be needed as to all claims and defenses.

**3)**   *What changes should made in limitations on discovery under the federal and local rules*

The parties respectfully reserve the right to seek a modification of discovery limitations as proposed above, and the parties will attempt to confer with each other on this matter as discovery progresses.

**4)**   *Other orders that should be entered by the court under Fed.R.Civ.P. 26(c) or 16(b) and (c)*:

Other than the motions for modifications of limitation on discovery, the parties agree there are no other orders that should be entered by the Court under Rules 26(c) or 16(b) and (c).

**II.     REPORT OF THE PARTIES' CONFERENCE AND PROPOSED TIME LIMITS PURSUANT TO RULE 16.1.B.(2), S.D. Fla. L.R.:**

**Discovery Plan outline and other pre-trial deadlines:**

A)   **Likelihood of Settlement:** As previously addressed, the parties endeavor to pursue a settlement as this action progresses.

B)   **Likelihood of Appearance of Additional Parties:** The appearance of additional defendants is unlikely.

C)   **Proposed Time Limits to:**

   1)   *Join Parties and Amend Pleadings*:

      a)   The parties agree that additional parties, if any, can be joined by January 9, 2012.

      b)   The parties agree that all pleadings that have to be amended shall be amended no later than January 30, 2012.

   2)   *File and Hear Motions*:

      a)   The parties agree that all dispositive pretrial motions and memoranda of law can be filed and served no later than December 5, 2012.

      b)   The parties agree that all motions in limine can be filed and served in accordance with Rule 16.1(J), S.D. Fla. L.R. (they shall be filed and served no later than five (5) days prior to the pretrial conference, or in the event there is no pretrial conference, five (5) days prior to calendar call).

   3)   *Complete Discovery*:

    a) The parties agree that all fact discovery can be complete by <u>August 1, 2012</u>.

    b) The parties agree that the Party bearing the initial burden of proof on an issue can identify expert or experts (the "Initial Expert") and provide expert disclosures or reports (the "Initial Expert Report") for each Initial Expert related to such issue by <u>August 20, 2012</u>, and that the opposing Party shall identify its rebuttal expert or experts (the "Rebuttal Expert") and provide rebuttal expert disclosures or reports (the "Rebuttal Expert Report") for each Rebuttal Expert by <u>September 3, 2012</u>.

    c) The parties agree that reply reports by each Initial Expert (the "Initial Expert's Reply Report") responding to the corresponding opposing Rebuttal Expert's Report can be provided by <u>September 17, 2012</u>.

    d) The parties agree that the depositions of all Experts can be completed by <u>October 8, 2012</u>.

**D)** **Proposal for the formulation and simplification of issues:** Should it become necessary, counsel will meet to discuss any proposals for the formulation and simplification of issues.

**E)** **The necessity or desirability of amendments to the pleadings:** It is possible that the parties will need to amend the pleadings to add additioanl claims.

**F)** **Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of**

5

|     | |
| --- | --- |
|     | **documents and the need for advance rulings from the Court on the admissibility of evidence:** Should it become necessary, counsel will meet to discuss stipulations regarding the authenticity of documents and the need for advance rulings form the court on the admissibility of evidence. |
| G)  | **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** Should it become necessary, counsel will meet to discuss suggestions for the avoidance of unnecessary proof and cumulative evidence. |
| H)  | **Suggestions for the advisability of referring matters to a magistrate judge or master:** The parties agree that discovery matters and non-dispositive motions may be referred to the magistrate assigned to the case. |
| I)  | Preliminary estimate of the time required for trial: This is a jury trial. The parties anticipate a <u>seven (7) day trial</u>. |
| J)  | Requested date or dates for conferences before trial, a final pretrial conference, and trial: The parties request that the jury trial be set in or about <u>February 2013</u>, or in the alternative at least sixty (60) days after the deadline for filing dispositive motions. |
| K)  | Any other information that might be helpful to the court in setting the case for status or pretrial conference: The parties agree that mediation can be completed by no later than <u>October 15, 2012</u>. |

Respectfully submitted this 16th day of December, 2011.

| */s/ Robert H. Thornburg* | */s/ Joel. S. Magolnick* |
|---|---|
| Ava K. Doppelt <br> Fla. Bar 393738 <br> adoppelt@addmg.com <br> Robert H. Thornburg <br> Fla. Bar. 630839 <br> rthornburg@addmg.com <br> ALLEN DYER DOPPELT MILBRATH & GILCRHIST, PA. <br> 777 Brickell Ave., Suite 1114 <br> Miami, FL 33131 <br> P: 305-374-8303 <br> F: 305-374-8306 | Joel S. Magolnick <br> Fla. Bar. No. 776068 <br> magolnick@dmmllaw.com <br> de la O, Marko, Magolnick & Leyton <br> 3001 SW 3rd Ave <br> Miami, FL 33129-2709 <br> P: 305-285-2000 <br> F: 305-285-5555 |
| *Counsel for Plaintiff Mainstream* | *Counsel for Defendants Moniker and Oversee.net* |

**CERTIFICATE OF SERVICE**

      I certify that on December 16th, 2011 , I electronically filed the foregoing document with the Clerk of Court by using the Court's Case Management/Electronic Case Filing ("CM/ECF") System.  I further certify that a true and correct copy of the foregoing will be provided to counsel for Defendants Moniker Online Services LLC and Oversee.net via e-mail transmission.

*/s/ Robert H. Thornburg*

Robert H. Thornburg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MAINSTREAM ADVERTISING, INC.,**
a California corporation,

                                    Case No. 11-23619-CIV-MARTINEZ/MCALILEY

    Plaintiff,

    v.

**MONIKER ONLINE SERVICES, LLC**,
a Florida limited liability company,
**OVERSEE.NET, INC**., a California corporation,

    Defendants.
_____/

**JOINT PROPOSED SCHEDULING ORDER**

THIS CAUSE having come before the Court upon the parties' Joint Scheduling Report, pursuant to Local Rule 16.1 and Fed. R. Civ. P. Rule 26(f), and the Court having reviewed the Joint Scheduling Report, does hereby ORDER as follows:

1. The Pretrial Conference is scheduled for January ____, 2013 at the United States District Court, Wilkie D. Ferguson Jr. Courthouse, Courtroom 10-2, 400 North Miami Ave., Miami, FL 33128 before the Honorable Jose E. Martinez.

2. This case is assigned to the Standard Track.

3. This matter has been scheduled for the Trial Period commencing in February 2013 to be held at the address and courtroom noted above.

4. The following pretrial deadlines are hereby ordered:

   (a) Parties' initial disclosures:                          December 21, 2011

   (b) Join parties by:                                        January 9, 2012

   (c) Amend pleadings by:                                January 30, 2012

   (d) All expert reports by:                              August 20, 2012

(e)  Rebuttal expert disclosures by:                                September 3, 2012

(f)  Reply reports by:                                              September 17, 2012

(g)  Parties Fact Discovery:                                        August 1, 2012

(h)  Depositions of Experts completed by:                           October 8, 2012

(i)  Mediation to be completed by:                                  October 15, 2012

(j)  Dispositive pretrial motions, memoranda of law filed by:   December 6, 2012

(k)  All motions in limine filed 5 days prior to pretrial conference

(l)  Trial Period (Jury) to commence:                               February 2013

All discovery issues will be referred to Magistrate Judge Chris McAliley.

DONE AND ORDERED in Miami, Florida on the _____ day of December 2011.

_____
**Hon. Jose E. Martinez**
**U.S. District Court Judge**

Copies Furnished to
*Magistrate Judge Chris McAliley*
*Counsel of Record*